UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ADAM RAULIE,<br><br>  Petitioner,<br><br>v.<br><br>SHERIFF BILL GORE and SAN DIEGO COUNTY SHERIFF DEPT.,<br><br>  Respondents. | Case No. 21cv480-MMA-DEB<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Brian Adam Raulie is an individual in state custody proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Doc. No. 1. For the reasons set forth below, the Court summarily **DISMISSES** the petition.[1]

#### DISCUSSION

Petitioner is currently confined at Vista Detention Center in Vista, California, in the custody of the San Diego County Sheriff. Petitioner claims to be serving a sentence following a state court conviction; according to the Sheriff's online database, Petitioner is

---

[1] A court may summarily dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243.

1

also an alleged fugitive being held pending extradition on charges pursuant to California Penal Code section 1551.1.[2]

Petitioner has instituted the current proceeding pursuant to Title 28, section 2241, alleging that he has "settled" all "outstanding" financial "liabilities" and therefore may not be held in the custody of state authorities. Doc. No. 1 at 4.

The Court must conduct a preliminary review and then summarily dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."[3] Pro se habeas petitions are to be liberally construed. *Tatum v. Christensen*, 786 F.2d 959, 963 n. 4 (9th Cir. 1985). However, the court may summarily dismiss a petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are "vague [or] conclusory" or "palpably incredible." *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

Here, Petitioner's allegations are vague, difficult to decipher, and do not appear to implicate a federal constitutional concern. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Moreover, to the extent Petitioner remains subject to extradition based on his fugitive status, this Court generally may not interfere with ongoing criminal proceedings in state court. *See Younger v.*

---

[2] California Penal Code section 1551.1 provides, in pertinent part: "The arrest of a person may . . . be lawfully made by any peace officer, without a warrant, upon reasonable information that the accused stands charged in the courts of any other state with a crime punishable by death or imprisonment for a term exceeding one year, or that the person has been convicted of a crime punishable in the state of conviction by imprisonment for a term exceeding one year and thereafter escaped from confinement or violated the terms of his or her bail, probation or parole."

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" section 2254.).

*Harris*, 401 U.S. 37, 46 (1971); *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.").

In sum, principles of comity and federalism require a federal court to abstain from deciding pre-conviction habeas corpus challenges to state proceedings unless a petitioner demonstrates that (1) he has exhausted available state judicial remedies, and (2) "special circumstances warrant federal intervention." *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).  Petitioner has demonstrated neither.

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** the petition for writ of habeas corpus without prejudice and without leave to amend.  The Court **DECLINES** to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2) (state prisoner entitled to a certificate of appealability only upon making a "substantial showing of the denial of a constitutional right."); *see also Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: March 30, 2021

HON. MICHAEL M. ANELLO
United States District Judge